Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Radamés Jordán Ortiz<br><br>Recurrente<br><br>vs.<br><br>Junta de Directores y Consejo de Tit. Cond. Dos Marinas I ADCON Corp. Condominio Dos Marinas I Olga Rivera Rivera (Administradora) Braman Corporation y/o Braman Management, LlC<br><br>Recurridos | KLRA202500246 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm.: C-SAN-2024-0020070<br><br>Sobre: Ley de Condominios de Puerto Rico, Ley Núm. 129 de 16 de agosto de 2020, según enmendada |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 13 de mayo de 2025.

Comparece ante nos, el señor Radamés Jordán Ortiz (Sr. Jordán Ortiz o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Resolución Sumaria" emitida el 27 de febrero de 2025,[1] por el Departamento de Asuntos del Consumidor (DACo o recurrida). Mediante dicha determinación, el DACo archivó la "Querella" presentada por el recurrente, bajo la doctrina de cosa juzgada.

Luego de evaluar el escrito del recurrente, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la recurrida y procedemos a resolver. Regla 7

---

[1] Notificada ese mismo día.

Número Identificador

SEN2025 _____

(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, desestimamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El 6 de septiembre de 2024, el Sr. Jordán Ortiz presentó ante el DACo una "Querella" contra del Consejo de Titulares y la Junta de Directores del Condominio Dos Marinas I; ADCON Corp; Braman Corporation y/o Braman Management, LLC; y la señora Olga Rivera Rivera (Administradora). Esencialmente, impugnó una deuda por concepto de derrama y solicitó una orden de cese y desista de corte de servicios de agua y luz.

Evaluada su postura, el 27 de febrero de 2025, el DACo emitió una "Resolución Sumaria" mediante la cual formuló las siguientes determinaciones de hechos, las cuales hacemos formar parte del presente dictamen:

> *1. La parte querellante, Radamés Jordán Ortiz es titular del apartamento 107 en el Condominio Dos Marinas I, en virtud de la Escritura Núm. 62 sobre Compraventa, otorgada el 28 de junio de 2005, en San Juan, Puerto Rico, ante el Notario Luis Valle Irizarry.*
>
> *2. El Condominio Dos Marinas se encuentra sometido al régimen de propiedad horizontal.*
>
> *3. El 1 de septiembre de 2019, el Consejo de Titulares del Condominio Dos Marinas aprobó una derrama en la que los titulares quedaron obligados a pagar la suma de $5,000.00, para completar las reparaciones de los daños ocasionados por el huracán María y que no fueron pagados en su totalidad por la aseguradora.*
>
> *4. En o alrededor del 26 de abril de 2024, la parte querellada le notificó a la parte querellante un aviso de cobro y corte de servicios por una deuda de dicha parte con el Consejo de Titulares por concepto de una derrama adoptada en el 2019, por la cantidad de $5,000.00. En dicho aviso se le concedió a la parte querellante un plazo de quince (15) días para pagar la totalidad de la deuda; Adicional, se le apercibió al querellante que la fecha para desconectar los servicios sería el 13 de mayo de 2024, en caso de no pagar la deuda pendiente.*

*5. En o alrededor del 13 de mayo de 2024, la parte querellada procedió con el corte de los servicios de agua y luz.*

*6. El 6 de septiembre de 2024, la parte querellante presentó ante este foro administrativo la querella de epígrafe con el fin de que se emita una resolución sumaria determinando que la acción de cobro de la deuda era improcedente y prescrita; que se le reinstalen los servicios de agua y luz; y que se le permita participar en una asamblea ordinaria a celebrarse el 22 de septiembre de 2024.*

*7. El 20 de febrero de 2025, este Departamento celebró una vista administrativa a los fines de atender la controversia relacionada con la querella de epígrafe. En dicha vista, la parte querellada sostuvo que la presente querella era cosa juzgada en virtud de que este Departamento ya había emitido una resolución resolviendo la controversia sobre la aprobación de la derrama impugnada por la parte querellante.*

*8. La parte querellante sostuvo en la vista del 20 de febrero de 2025 que no procede la desestimación de la presente querella toda vez que existe una demanda presentada por el querellante en contra de varias aseguradoras y la Asociación de Condóminos Dos Marinas, Civil Núm. FA2021CV00956, Tribunal de Primera Instancia, Sala Superior de Fajardo, de la cual este Departamento toma conocimiento administrativo.*

*9. Se toma conocimiento administrativo de la Resolución emitida por este Departamento el 4 de diciembre de 2024, en la querella núm. C-SAN-2024-0018796 (Radamés Jordán Ortiz v. Consejo de Titulares y Junta de Directores Condominio Dos Marinas I), en la que, luego de celebrada la vista administrativa en sus méritos, se declaró No Ha Lugar la querella y se ordenó su cierre y archivo. La mencionada Resolución advino final y firme e inapelable.*

*10. De las determinaciones de hecho en la Resolución del caso C-SAN-2024-0018796, la parte querellante tenía una deuda de $5,000.00 por una derrama aprobada en el año 2019, razón por la cual el 13 de mayo de 2024 se le cortaron los servicios de agua y luz.*

*11. De igual modo, surge de las determinaciones de hecho de la mencionada Resolución que el querellante había recibido de la aseguradora MAPFRE la suma de $5,000.00 por concepto del pago de su porción de la derrama aprobada el 1 de septiembre de 2019.*

*12. Adicional, este foro administrativo consignó en las determinaciones de hecho en la Resolución del caso C-SAN-2024-0018796 que al querellante le correspondía pagar por concepto de la derrama aprobada la suma de $5,000.00; cantidad de dinero que la parte querellante se ha negado a pagar, a pesar de así haberse acordado por el Consejo de Titulares del Condominio Dos Marinas*

*I en una asamblea válidamente celebrada el 1 de septiembre de 2019.*

Tras un análisis de los hechos que preceden y del derecho aplicable, el DACo determinó que las alegaciones y reclamos del recurrente son cosa juzgada, puesto que se estaban relitigando cuestiones que ya fueron litigadas y adjudicadas en el caso C-SAN-2024-0018796. Por entender que están presentes los elementos necesarios para que la doctrina de cosa juzgada surta efecto, la agencia recurrida declaró No Ha Lugar la "Querella" y archivó el caso ante sí.

Aunque en su recurso el recurrente alega haber agotado el trámite administrativo y haber presentado una reconsideración, lo cierto es que del expediente no surge escrito alguno evidenciando tal hecho.

Inconforme, el 1 de mayo de 2025, el Sr. Jordán Ortiz recurrió ante este foro apelativo intermedio señalando la comisión de los siguientes errores:

*A. Primer error: Erró DACO, al no atender con prioridad y premura la solicitud del recurrente, para paralizar el corte de servicios y que se le permitiera participar de la asamblea ordinaria.*

*B. Segundo error: Erró DACO, al desestimar nueve (9) meses más tarde; mediante resolución sumaria con perjuicio, para lo cual había perdido jurisdicción.*

*C. Tercer error: Erró DACO, al determinar que la querella, era cosa juzgada al amparo de unas determinaciones previas del mismo foro.*

*D. Cuarto error: Erró DACO, al obviar que la alegada y supuesta derrama traída por la querellada - recurrida; provenía del beneficio de una Póliza de seguro personal para lo cual DACO, no tiene jurisdicción y que de hecho el Comisionado de Seguros de Puerto Rico ya había adjudicado a favor de los titulares.*

*E. Quinto error: Erró DACO, al actuar sin jurisdicción sobre un asunto póliza de seguro sometido ante el Tribunal Superior de Fajardo. Demanda FA 2021- CV 00956 (tómese conocimiento)*

*F. Sexto error: Erró DACO, al actuar sin jurisdicción y no considerar la determinación de la Oficina del Procurador*

*de Personas de Edad Avanzada, emitida el 4 de junio del 2024.*

## II.

La parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, mejor conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, según enmendada; Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56. Para que dicho recurso pueda revisarse en sus méritos, es necesario que la parte recurrente haya agotado todos los remedios administrativos provistos por la agencia o el organismo apelativo. Sección 4.2 de la Ley Núm. 38-2017, *supra*; *Moreno Ferrer v. JRCM*, 209 DPR 430, 435 (2022). Además, el recurso deberá presentarse dentro del término jurisdiccional de 30 días, a contarse a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final. Sección 4.2 de la Ley Núm. 38-2017, *supra*; Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57.

No obstante, la parte adversamente afectada por una resolución final de la agencia podrá solicitar su reconsideración, dentro del término de 20 días desde la fecha de archivo en autos de la notificación de la resolución. Sección 3.15 de la Ley Núm. 38-2017, 3 LPRA sec. 9655. En estos casos, la agencia tiene un término de 15 días para considerar la reconsideración. *Íd.* Pueden suceder tres cosas: (1) que la agencia rechace la moción, (2) que la agencia no actúe dentro de los 15 días, o (3) que la agencia decida acoger la moción presentada. *Íd.* Si la rechaza, el término para solicitar la revisión judicial empezará a computarse a partir de la fecha en que se deniega la reconsideración. *Íd.* En cambio, si la agencia no actúa dentro del término de 15 días, la reconsideración

se tendrá por rechazada y, a partir del día 15, comienza a correr el término para solicitar revisión judicial. *Íd.* Finalmente, si la agencia decide acoger la moción, ésta tendrá 90 días contados desde que se radicó la moción de reconsideración para emitir su determinación, salvo que la agencia, por justa causa y dentro de esos 90 días, prorrogue el término por un período adicional que no excederá de 30 días. *Íd.* En estos casos, el término para solicitar revisión judicial comienza a transcurrir desde que la agencia emite su determinación, o a partir de que expire el término de 90/120 días. *Íd.*

Nuestro Reglamento exige que, cuando se haya presentado alguna moción mediante la cual se haya interrumpido y reanudado el término para presentar el recurso de revisión, ésta deberá ser incluida en el legajo apelativo. Regla 59 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (C). Además, el mismo cuerpo reglamentario dispone que el recurso de revisión no excederá de 25 páginas, salvo que el tribunal lo autorice. Regla 59 (D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (D). Además, deberá utilizar papel tamaño legal. Regla 70 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 70.

En cuanto al apéndice, la Regla 59 (E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59 (E), establece que el recurso deberá incluir una copia literal de los siguientes documentos, a saber:

> *(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, **la querella** o la apelación y las contestaciones a las anteriores hechas por las demás partes.*

> *(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.*

*(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.*

*(d) **Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.***

*(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.*

*(f) **Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.***

(Énfasis nuestro).

Aunque es cierto que la propia Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*, reconoce que la omisión de incluir los documentos del Apéndice no será causa suficiente para desestimar el recurso, nuestro Tribunal Supremo ha resuelto que **procederá su desestimación si** "**esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción**". *Vázquez Figueroa v. E.L.A.*, 172 DPR 150, 155 (2007). (Énfasis suplido).

### III.

Tal cual surge del trámite procesal discutido ante nos, el DACo emitió y notificó el **27 de febrero de 2025** "Resolución Sumaria" declarando No Ha Lugar la "Querella" presentada por el Sr. Jordán Ortiz. A partir de ese entonces, el recurrente tenía 30 días para solicitar revisión judicial ante esta segunda instancia judicial. Ahora bien, como ya explicamos, el aludido término se puede interrumpir mediante la presentación de una moción de reconsideración. Según alega en su escrito, el recurrente solicitó la reconsideración de la determinación recurrida. A pesar de lo anterior, **el recurso ante nuestra consideración no acompaña**

**moción o resolución en reconsideración alguna que acredite la interrupción del término para presentar el recurso de revisión**.

Cónsono con el derecho antes discutido, el recurso de revisión administrativa deberá hacer referencia a la moción y/o resolución administrativa que acredite la interrupción y la reanudación del término para presentar el recurso de revisión. **Estos documentos son indispensables para constatar nuestra jurisdicción**.

Como ya explicamos, el término para recurrir ante este Tribunal de Apelaciones va a depender de si la agencia decidió acoger la reconsideración, rechazarla, o si no actuó sobre ella. En este caso, **primeramente**, **no se incluyó copia de la moción de reconsideración**. Consecuentemente, no podemos dar por cierto que el recurrente, efectivamente, solicitó la reconsideración de la determinación recurrida. **Segundo**, **aun asumiendo que dicha solicitud se radicó**, **el recurso ante nuestra consideración no incluye copia de la notificación de la resolución del DACo resolviendo la reconsideración que presentó el recurrente ante dicho foro administrativo**. Ello constituye un incumplimiento con la Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*.

**Adicionalmente**, **esta deficiencia nos impide acreditar la reanudación del término para presentar el recurso de revisión**. La ausencia de este documento – refiriéndonos a la copia de la notificación de la resolución resolviendo la reconsideración – nos imposibilita determinar si, en efecto, poseemos jurisdicción para atender la controversia que se nos plantea. Esto, pues, como se sabe, la presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 415 (2022).

En este momento, desconocemos si el DACo ya resolvió y notificó la resolución resolviendo la solicitud de reconsideración. Este detalle es fundamental porque, si todavía no la ha resuelto, el caso es prematuro. En cambio, si ya se notificó la resolución en la que se resuelve definitivamente la reconsideración, no se nos ha puesto en posición para determinar si el recurso de revisión es tardío. En ambos casos, careceríamos de jurisdicción para atender el caso.

Toda vez que la ausencia de la copia de la notificación de la resolución adjudicando la petición de reconsideración nos impide constatar nuestra jurisdicción, procede la desestimación del caso por incumplimiento con la Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*. Véase, *Vázquez Figueroa v. E.L.A.*, *supra*, a la pág. 155.

Finalmente, cabe destacar que, el recurso que atendemos se radicó en papel tamaño carta y nuestro Reglamento exige, como cuestión de forma, papel tamaño legal. Regla 70 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 70. Tampoco se incluyó copia de la querella, según lo exige la Regla 59 (E) del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por el señor Radamés Jordán Ortiz.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Adames Soto concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones